## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOANNE RICCI PILCHESKY, and
JOSEPH PILCHESKY

    Petitioners,

        v.

UNITED STATES OF AMERICA,
SIDNEY BURNSIDE, Revenue Officer,
and RUTH LITTMAN, Group Manager,

    Respondents.

CIVIL ACTION No. 3:08-MC-0103

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court is the "Petition to Quash 3rd Party Summons" (Doc. 1) of *pro se* Petitioners Joanne Ricci Pilchesky and Joseph Pilcheski. For the reasons that follow, Respondent the United States will be ordered to show cause why the Petition should not be granted. The Court has jurisdiction over this matter pursuant to 26 U.S.C. § 7609(h).

## BACKGROUND

Petitioners allege that Respondent Sidney Burnside, a revenue officer with the Internal Revenue Service ("IRS"), contacted Joseph Pilchesky on or about March 5, 2008 by leaving his card at Petitioner's door. (Pet., Doc. 1 ¶ 8(c).) Mr. Pilchesky then called Agent Burnside, who notified him that he, Burnside, "had in his possession a 1099 form dated for the year 2005." (*Id.* ¶ 8(d).) Mr. Pilchesky requested a copy and told Agent Burnside that he would retain a certified tax professional to prepare the 2005 return. (*Id.*)

That day, Burnside faxed a copy of the 1099 to Mr. Pilchesky with a cover sheet directing Mr. Pilchesky to return the 2005 tax return to him by March 24, 2008, leaving Mr. Pilchesky only fourteen (14) days, during the time of year in which tax preparers are most busy, to retain a preparer and complete the return.  (*Id.* ¶ 8(e)-(f).)  Burnside's letter advised Mr. Pilchesky that if the return were not received by the deadline, it would be referred to "Exam" and completed for him.  (*Id.* ¶ 8(e).)  Agent Burnside never contacted Petitioner Joanne Ricci Pilchesky to advise her of any deficiency in tax filing or any deadlines that may apply to her, and she was unaware of any deficiencies related to her income tax returns.  (*Id.* ¶¶ 8(g), 10.)  Both Petitioners are stable residents of Scranton with no history of being uncooperative with the IRS, and both have demonstrated their good faith by maintaining communication with Agent Burnside, cooperating with him, and never refusing to file any return as requested by Burnside.  (*Id.* ¶¶ 9, 11.)

On March 27, 2008, Agent Burnside issued four (4) separate third party summonses to NBT Bank N.A., Wachovia Bank N.A. Retail Credit Servicing, Community Bank N.A. & First Liberty Bank Trust, and Citizens & Northern Bank, requesting certain testimony and documentation from each financial institution.  (*Id.* ¶¶ 1-5.)  These summonses were also signed by Respondent Ruth Littman, a group manager at the IRS.  (*See* Exs. A-D, Doc. 2.)  Although the summonses identify Petitioners, they do not, on their face, reveal the purpose for the testimony and documentation sought.  (Pet., Doc. 1 ¶ 6.)  Notice of the summonses was sent by certified mail to Petitioners on March 28, 2008, and Petitioners timely filed this petition to quash on April 17, 2008.  (*See id.* ¶ 1.)

**DISCUSSION**

**I. Applicable Law**

The IRS has authority to issue summonses in taxpayer cases pursuant to 26 U.S.C. § 7602(a), which provides:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for internal revenue tax ... or collecting any such liability, the Secretary is authorized -
> ...
> (2) To summon ... any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax ... to appear before the Secretary at any time and place named in the summons and to produce such books, papers, records or other data, ... as may be relevant or material to such inquiry.

Additionally, "[i]f any summons to which this section applies requires the giving of testimony on or relating to, [or] the production of any portion of records made or kept on or relating to . . . any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified." 26 U.S.C. § 7609(a)(1).  Petitioners, who are identified in the summonses as the persons to whom the requested records pertain, are thus entitled to, and allege that they received, notice under § 7609(a)(1).  Petitioners request that this Court order the Respondents to appear to show cause why the Court should not quash the summonses.  This request is made pursuant to 26 U.S.C. § 7609(b)(2)(A), which provides that:

> Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2).  In any such proceeding, the Secretary may seek to compel compliance with the summons.

3

Section 7609 was intended to allow the taxpayer "'to stand in the shoes of the third-party record keeper and assert certain defenses to enforcement,'" specifically, those defenses that "relate to an interest in nondisclosure of information, but not ... issues that are of meaningful concern only to the third-party recordkeeper." *E.g., Wright v. United States*, 964 F. Supp. 366, 338 (M.D. Fla. 1997) (quoting Sen. Rep. No. 94-938, 94th Cong.2d Sess. (1976), at 368-69 (reprinted in 4 U.S. code Cong. & Adm. News (1976), at 3797-98)).

"Generally, upon a challenge to an I.R.S. summons: the government bears the initial burden of establishing a prima facie case of "good faith" by showing that the summonses: 1) were issued for a legitimate purpose; 2) seek material relevant to that purpose; 3) seek material that is not already in the government's possession; and 4) satisfy all administrative steps required by the United States Code." *Cook v. United States*, 104 F.3d 886, 889 (6th Cir. 1997). These four (4) "good faith" elements were identified in *United States v. Powell*, 379 U.S. 48 (1964). The Third Circuit Court of Appeals has clarified that the first *Powell* requirement, a legitimate purpose, does not mean that the government must "delineate a specific and narrow purpose, and ... that the summons will be enforced only insofar as it is relevant to that purpose." *United States v. Rockwell Intern.*, 897 F.2d 1255, 1262 (3d Cir. 1990). Rather, "the cases discuss not what the actual purpose is, but whether the summons was issued in good faith pursuant to a legitimate investigation." *Id.* The government's burden of establishing good faith is "a slight one and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met."

*E.g., Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995).

Once the government has met its burden under *Powell,* the party challenging the summons can avoid enforcement only by a showing that one of the four elements of the *Powell* test is not met or that enforcement of the summons will result in an abuse of the Court's process. *Rockwell Intern.*, 897 F.2d at 1263. At this stage, "the taxpayer bears a heavy burden of establishing an abuse of the court's process. Specifically, 'such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.'" *United States v. Cortese,* 614 F.2d 914, 919 (3d Cir. 1980) (quoting *Powell*, 379 U.S. at 58).

**II. Petitioners' Objections**

In this case, Petitioners contend that Agents Burnside and Littman "are using the summons power to harass and pressure the Petitioners for reasons unknown at this time, and for purposes that are wholly illegitimate to the spirit and intent of the law." (Pet., Doc. 1 ¶ 8(a).) Petitioners have this belief because the summons cited no law or other authority in support of their legitimacy. (*Id.*) The summons process, Petitioners claim, is unnecessary and burdensome in their case because Mr. Pilchesky agreed to prepare a tax return and Petitioners have retained the services of a certified tax professional, Joseph Slavitksas, of Dickson City, Pennsylvania, who will prepare the appropriate returns and with whom Agent Burnside can speak regarding any questions. (*Id.* ¶¶ 12-13.) "[T]he better practice, and the good faith requirement would be to allow the

Petitioners to file their return with Agent Burnside for his review, and should any questions arise from that filing, for Agent Burnside to then use the appropriate procedures for review or audit." (*Id.* ¶12.) Petitioners claim that they have a "right to expect a reasonable amount of time to comply with Agent Burnside's request, which would more appropriately be at least [thirty] (30) days." (*Id.* ¶ 14.) The administrative process has not been exhausted, they argue, and "the data summoned is not relevant to any legitimate purpose." (*Id.*)

### III. Real Party in Interest

"A suit against IRS employees in their official capacity is essentially a suit against the United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Such a suit is barred by the doctrine of sovereign immunity except to the extent that Congress has unequivocally consented to suit. *Upton v. I.R.S.*, 104 F.3d 543, 545 (2d Cir. 1997). In 26 U.S.C. § 7609, Congress provided a limited waiver of sovereign immunity, consenting to petitions to quash summonses, but the only proper respondent in such actions is the United States, not the IRS or IRS agents. *E.g., Oliva v. United States*, 221 F.R.D. 540, 543-44 (D. Hawaii 2003). When individual agents are named as respondents in petitions to quash brought under § 7609, courts substitute the United States as the proper defendant. *See, e.g., Abell v. Sothen*, 214 Fed. Appx. 743, 750 (10th Cir. 2007); *English v. Krubsack*, 371 F. Supp. 2d 1198, 1200 (E.D. Cal. 2005). Moreover, a court may raise the issue of sovereign immunity sua sponte. *United States v. Bein*, 214 F.3d 408. As such, Respondents Burnside and Littman, as well as the Commissioner of Internal

6

Revenue to the extent Petitioners name him as a Respondent (*see* Pet., Doc. 1 ¶ 3), will be dismissed. The remaining Respondent, the United States, will be substituted in their place as the real party in interest.

**IV. Entitlement to a Hearing**

A party challenging a summons is not entitled to an evidentiary hearing to inquire into the IRS's good faith unless he "presents some minimal amount of evidence" amounting to "more than legal conclusions, mere memoranda of law, or allegations," to support its contentions of lack of good faith. *E.g., Fortney*, 59 F.3d at 121 (internal citations and quotation marks omitted). At this time, only the Petition and copies of the summonses are before the Court, and there is insufficient evidence to warrant a hearing.

However, even cases that have held a taxpayer is not entitled to an evidentiary hearing hold the Respondents to the initial burden of making a prima facie showing of the four (4) elements of good faith. *See, e.g.*, *Xelan, Inc. v. United States*, 397 F. Supp. 2d 1111, 1115-16 (S.D. Iowa 2005); *Johnson v. United States*, 607 F. Supp. 347, 348 (E.D. Pa. 1985). The United States has not intervened in this action, filed a motion to dismiss, or otherwise responded to Petitioner's petition.

Under 26 U.S.C. § 7609(b)(2)(B), if any person begins a proceeding to quash summons, "not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition [1] to the person summoned and [2] to such office as the Secretary may direct in the notice referred to in subsection (a)(1)." In the notice of summons here, the office referred to is

the Wilkes-Barre, Pennsylvania office of the IRS.  A review of the docket reveals that Petitioners sent copies of their Petition by "U.S. Mail, First Class, certified mail, return receipt," [1] to the banks summoned, and to [2] Agent Burnside, at the address of the Wilkes-Barre IRS office provided on the face of the summons.  (*See* Certificate of Service, Doc. 1, at 8; Return of Service, Doc. 3.)  The notice of Return of Service indicates that service of the Petition was made on April 17, 2008.  (Doc. 3.)  As of the date of this Order, the United States has not responded to the Petition or made a prima facie showing of good cause.  As such, in accordance with *United States v. McCarthy*, 514 F.2d 368 (3d Cir. 1975), which suggested advisory procedures for IRS summons enforcement proceedings, the Court will fix a deadline for Respondent the United States to file any responsive pleading, affidavit, and any motions showing cause why the Petition should not be granted.

## CONCLUSION

For the foregoing reasons, the United States will be ordered to show good cause why Petitioners' Petition to Quash Third Party Summons should not be granted.

An appropriate order follows.


June 23, 2008                                                            /s/ A. Richard Caputo
Date                                                                               A. Richard Caputo
                                                                                     United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOANNE RICCI PILCHESKY, and JOSEPH PILCHESKY<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA, SIDNEY BURNSIDE, Revenue Officer, and RUTH LITTMAN, Group Manager,<br><br>Respondents. | CIVIL ACTION No. 3:08-MC-0103<br><br>(JUDGE CAPUTO) |

## **ORDER**

Now, this  23rd  day of June, 2008, it is **HEREBY ORDERED** that on or before July 23, 2008, the United States shall file and serve an answer, motion, or other responsive pleading, together with an affidavit in support thereof, showing cause why Petitioners' Petition to Quash 3rd Party Summons (Doc. 1) should not be granted.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge