# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH PILCHESKY and JOANNE
RICCI PILCHESKY,

    Petitioners,

        v.

UNITED STATES OF AMERICA,
SIDNEY BURNSIDE, Revenue Officer,
and RUTH LITTMAN, Group Manager,

    Respondents.

CIVIL ACTION No. 3:08-MC-0103

(JUDGE CAPUTO)

## MEMORANDUM

Three motions are presently before the Court: (i) Joanne Ricci Pilchesky and Joseph Pilchesky's Petition to Quash Third Party Summons (Doc. 1), (ii) Respondents' Motion to Dismiss for Lack of Jurisdiction (Doc. 5), and (iii) Respondents' Motion to Enforce IRS Summons (Doc. 7). This Court has jurisdiction over this matter pursuant to 26 U.S.C. §§ 7402(b), 7604, and 7609(h).

## BACKGROUND

On April 14, 2008, Petitioners initiated this action with the filing of a Petition to Quash Third Party Summonses (Doc. 1) issued by the Internal Revenue Service (IRS). Petitioners are proceeding *pro se*.

On July 23, 2007, Respondents filed a Motion to Dismiss for Lack of Jurisdiction (Doc. 5) and supporting brief (Doc. 6). Therein, Respondents argue that third-parties Wachovia Bank, N.A. and Community Bank, N.A. & First Liberty Bank Trust are not found within this judicial district and, accordingly, that this Court is without the subject matter jurisdiction to quash the summonses issued to these two (2) third-parties.

Also on July 23, 2007, Respondents filed a Motion to Enforce IRS summons (Doc. 7). In this motion, the Respondents argue that Petitioners have failed to allege the grounds require to quash the summonses issued to four (4) third parties, including NBT Bank, N.A., Wachovia Bank, N.A., Community Bank, N.A. & First Liberty Bank Trust, and Citizens & Northern Bank. Along with the motion, Respondents submitted the Declaration of Sidney Burnside (Burnside Decl., Doc. 7, Ex. 1.) which details the nature and history of the IRS investigation into Petitioners tax liabilities from 1999 through 2007.

Petitioners filed a Motion for Extension of Time to File Briefs (Doc. 9) in reply to Respondents' motions on August 15, 2008. The Court denied Petitioners' Motion in an Order signed August 27, 2008. As Petitioners failed to timely file briefs in reply to Respondents' motions and were unable to obtain an extension of time, Petitioners' and Respondents' motions are currently ripe for disposition.

**DISCUSSION**

The Internal Revenue Service is a delegate of the Secretary of the Treasury vested with the authority to inquire into the payment of taxes. 26 U.S.C. § 7601(a); 26 C.F.R. § 301.7602-1(a); *Reisman v. Caplin*, 375 U.S. 440, 445 (1964); *Gaunt v. I.R.S.*, No. 4:MC-96-0022, 1996 WL 376341, *1 (M.D.Pa. May 1, 1996) (McClure, J.). "The IRS also may issue a summons for the purpose of ascertaining the correctness of a return, determining a tax liability, collecting a liability, or inquiring into an offense under the Internal Revenue Code." *Gaunt*, 1996 WL 376341, *1 (*citing* 26 U.S.C. § 7602(a), (b)).

"If a taxpayer wishes to prevent compliance with an IRS summons by a third-party recordkeeper, the taxpayer must begin a proceeding to quash the summons." *Id.* (*citing* 26 U.S.C. § 7609(b)(2)(A)). When a taxpayer initiates a proceeding to quash an IRS summons,

2

the IRS may seek to compel compliance with that summons. *Id.*

**I.     Jurisdiction**

The first question before the Court is whether the entities receiving summonses in this matter either reside or are found within this district sufficient to provide this Court with jurisdiction over proceedings to quash these summonses. Jurisdiction over a petition to quash an IRS summons is "vested in the district where the summons is to be answered. . . [not] by the location of the taxpayer. . .." *Masat v. United States*, 745 F.2d 985, 988 (5th Cir. 1984). Thus, "if a third party neither resides nor is found in a judicial district, the action must be dismissed for lack of subject-matter jurisdiction." *Darland v. United States*, No. 4:98:MC:17, 1999 U.S. Dist. LEXIS 4529, *2 (W.D.Mich. March 18, 1999) (*citing Deal v. United States*, 759 F.2d 442 (5th Cir. 1985).

Respondents argue that this Court lacks proper subject matter jurisdiction over the Petitioners' request to quash summonses issued to Wachovia Bank, N.A. ("Wachovia") and Community Bank, N.A. & First Liberty Bank Trust ("First Liberty") because these third parties do not reside within the Middle District of Pennsylvania. Respondents particularly note that the summons issued to Wachovia was served at a Roanoke, Virginia address, and that the summons on First Liberty was served at a Canton, New York address. Thus, at first impression neither entity appears to "reside" in the Middle District of Pennsylvania.

Petitioners, however, represent to the Court that both Wachovia and First Liberty have numerous locations within the Middle District of Pennsylvania. Notably, Petitioners represent that there is a Wachovia location on North Main Street in Scranton, Pennsylvania, and that there is a First Liberty location on Wyoming Avenue, also in Scranton Pennsylvania. The Court has consulted local telephone and business directories and, finding that the accuracy

3

of these sources cannot reasonably be questioned, takes judicial notice, pursuant to Federal Rule of Evidence 201, of the fact that Wachovia Bank, N.A. has a location at 101 N. Main Street in Scranton, Pennsylvania and that Community Bank, N.A. & First Liberty Bank Trust has a location at 1300 Wyoming Avenue in Scranton, Pennsylvania.

Numerous United States District Courts have found that "[a] strong indicator of actual physical presence in a district, such as having branch offices located there or having the records sought located in the district, might be sufficient for an entity to be considered "found" in that district for purposes of § 7609(h)(1)." *Hopkins v. IRS*, Civ. No. 07-262, 2008 U.S. Dist. LEXIS 45510, *10 (D.N.M. March 28, 2008); *see also Cayman Nat'l Bank, Ltd. v. United States*, No. 8:06-mc-50-T-24 MAP, 2007 U.S. Dist. LEXIS 13005, *9 (M.D.Fla. Feb. 26, 2008) (agreeing that actual physical presence, including a branch office of the summoned party within the district is sufficient for the party to be considered "found" within the district); *Williams v. United States*, No. 1:05-mc-6, 2005 U.S. Dist. LEXIS 25673 (E.D. Tenn. July 29, 2005) (finding that a summoned party was not found within the district when there was no evidence that the entity kept an actual physical presence within the district); *Oldham v. United States*, Civil No. 01-1410-HA, 2002 U.S. Dist. LEXIS 9346, *2 (D. Or. March 21, 2002) (finding that the branch office test was an appropriate test for determining whether a summoned party was found within the district, because it required a physical presence within the district and was consistent with "the limited case law which requires something more than a Due Process analysis of minimum contacts").  Having reviewed the facts and reasoning in each of these cases, the Court agrees that the presence of a branch office or some other purposeful, permanent presence by an entity within a district is sufficient for that entity to be "found" in that district for purposes of § 7609(h)(1).

Having determined that the parties issued summonses in the current matter have branch locations in the Middle District of Pennsylvania, and having determined that these branch offices are sufficient for each third party to be considered "found" in the District for the purposes of 26 U.S.C. § 7609(h)(1), the Court thereby finds that it possesses subject matter jurisdiction over Petitioners' Motion to Quash Third Party Summons (Doc. 1). Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 5) will, thus, be denied.

## II.     Enforcement

"When enforcement of an IRS summons is challenged, the government has the initial burden of showing: (i) that the summons was issued for a proper purpose, (ii) that the information sought may be relevant to that purpose; (iii) that the information sought is not already in possession of the IRS, and (iv) that the government has complied with the administrative steps required by law with respect to the issuance and service of a summons." *Wheeler v. U.S.*, F. Supp.2d 399, 401-02 (W.D.Pa. Sept. 22, 2006) (*citing United States v. Powell*, 379 U.S. 48, 57-58 (1964); *Conner v. United States*, 434 F.3d 676, 680 (4th Cir.2006); *United States v. Rockwell Intern.*, 897 F.2d 1255, 1262 (3d Cir.1990)); *see also Gaunt,* 1996 WL 376341, *1; *United States v. Gertner*, 65 F.3d 963, 966 (1st Cir. 1995). "The government's burden to produce a prima facie showing of good faith in issuing the summons is only slight or minimal and can be satisfied by the IRS agent's affidavit averring that the *Powell* elements have been met." *Wheeler*, F. Supp.2d at 402; *see also Gaunt*, 1996 WL 376341 at *1 ("An affidavit of the investigating agent suffices to establish the *prima facie* case.").

In this case, the IRS has submitted a declaration from Revenue Officer Sidney

Burnside stating that: (i) he is examining the Petitioners' tax liability for the years 1999 through 2007 because the Petitioners have not filed tax returns for those years, (ii) the summonses issued in this matter are relevant to the IRS investigation as the information sought is needed to determine the correct amount of Petitioners' tax liability for these years, (iii) the information sought is not currently in the possession of the IRS, and (iv) the IRS followed all administrative steps provided by the Internal Revenue Code when issuing the summonses. (Burnside Decl., Doc. 7, Ex. 2.) This declaration satisfies the required burden for a *prima facie* case as established in *Powell.*

Officer Burnside further represents to the Court that the pending investigation has not been referred to the Department of Justice and the IRS has made no recommendation to the DOJ for either a grand jury investigation or any criminal proceeding against Petitioners for the years under investigation. Officer Burnside further states that the IRS is not delaying such a recommendation to the DOJ and the DOJ has made no request pursuant to 26 U.S.C. § 6103(h)(3)(B) for the disclosure of any return or return information relating to Petitioners. (Burnside Decl. ¶ 18.) Accordingly, the IRS is not attempting to circumvent constitutional limitation on the collection of information during a pending criminal prosecution.

"Once the government satisfies its *prima facie* burden, the taxpayer retains the right to challenge the IRS's summons by disproving one or more of the Powell requirements or by otherwise demonstrating that enforcement of the summons will result in abuse of the court's process." *Wheeler*, 459 F.Supp.2d at 402 (*citing Rockwell Intern.*, 897 F.2d at 1262). "To do so, a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice." *Id.* (*citing Thornton v. United States*, 493 F.2d 164, 167 (3d Cir. 1974)). In the absence of such a response by the taxpayer,

uncontested allegations in the IRS's affidavit must be accepted as admitted. *Id.*

In the current case, Petitioners failed to timely reply to Respondents' motion for summary enforcement and, thus, failed to provide the Court with any evidence creating a substantial question of the validity of the government's purpose.  Respondents have established a *prima facie* case for ordering compliance with the summonses that was not rebutted by the Petitioners.  Therefore, the Court will deny Petitioners Joanne Ricci Pilchesky and Joseph Pilchesky's Petition to Quash Third Party Summons (Doc. 1) and grant Respondents' Motion for Summary Enforcement of Summons (Doc. 7).

## CONCLUSION

For the reasons stated above, the Court will (i) deny Petitioners Joanne Ricci Pilchesky and Joseph Pilchesky's Petition to Quash Third Party Summons (Doc. 1), (ii) deny Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 5), and (iii) grant Respondents' Motion for Summary Enforcement of Summons (Doc. 7).

An appropriate Order follows.


<u>September 29, 2008</u>  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH PILCHESKY and JOANNE RICCI PILCHESKY,<br><br>　　Petitioners,<br><br>　　　　v.<br><br>UNITED STATES OF AMERICA, SIDNEY BURNSIDE, Revenue Officer, and RUTH LITTMAN, Group Manager,<br><br>　　Respondents. | CIVIL ACTION No. 3:08-MC-0103<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this   29th   day of September 2008, **IT IS HEREBY ORDERED** that:

(1) Petitioners Joanne Ricci Pilchesky and Joseph Pilchesky's Petition to Quash Third Party Summons (Doc. 1) is **DENIED**.

(2) Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 5) is **DENIED**.

(3) Respondents' Motion for Summary Enforcement of Summons (Doc. 7) is **GRANTED**.

(4) The Clerk of the Court shall mark this case closed.

　　　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　United States District Judge